IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1259

_____

**ARMEL BAXTER,**
                                *Appellant,*

v.

**SUPERINTENDENT COAL TOWNSHIP SCI;
DISTRICT ATTORNEY OF PHILADELPHIA; ATTORNEY GENERAL OF
PENNSYLVANIA,**
                                *Appellees.*

_____

## APPELLEES' MOTION TO PUBLISH

Appellees, through undersigned counsel, respectfully moves the Court to publish its opinion in this case, *Armel Baxter v. Superintendent Coal Township SCI, et al.*, --- Fed. App'x ---, No. 20-1259, 2021 WL 1310343 (Apr. 8, 2021). This Court's decision resolves an important question that has divided the lower courts for years and will likely continue to do so. If published, the decision would provide much needed guidance to the lower courts, to attorneys practicing in the field of criminal law, and to *pro se* litigants seeking habeas relief in federal court.

A number of lower courts in this circuit have assumed that a reasonable doubt instruction containing errors is akin to giving no reasonable doubt instruction at all, a proposition this Court rejected in this case. Indeed, this Court squarely held that, if a reasonable doubt instruction "contains an error," it is then examined to determine "whether the instruction resulted in actual prejudice." *Id.* at *4. Though this case relates to one particular instruction given repeatedly over a number of years, errors in reasonable doubt instructions will likely arise in the future in this circuit, and this opinion makes it clear how lower courts are to evaluate and treat ineffective assistance claims based on a failure to object to a reasonable doubt instruction containing errors.

This particular issue has vexed and divided the lower courts in this circuit. Indeed, of the seven district courts to issue a final ruling on this question, five have held that prejudice may be presumed when trial counsel failed to object to the reasonable doubt instruction at issue here, *see Brooks v. Gilmore*, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017); *Brown v. Kauffman*, 425 F.Supp.3d 395 (E.D. Pa. 2019); *McDowell v. Delbalso*, 2020 WL 61162 (E.D. Pa. Jan. 3, 2020); *Edmunds v. Tice*, No. 19-1656 (E.D. Pa. Nov. 19, 2020); *Jackson v. Capozza*, No. 17-5126 (E.D. Pa. Mar. 10, 2021), and two have held that actual prejudice must be

shown, see Baxter v. McGinley, No. 18-0046, 2017 WL 7606222 (E.D. Pa. Dec. 4, 2019); Walker v. Superintendent Frackville SCI, No. 20-2964.

As of this writing, this question is currently pending in the lower courts in at least six additional cases: Lewis v. Sorber, No. 18-1576; McBride v. Glunt, No. 17-5374; Moore v. Kauffman, No. 20-838; Eaddy v. Delbalso, No. 19-450; Corbin v. Tice, No. 16-4527; and Johnson v. Glunt, No. 14-6838.

The Commonwealth believes this opinion provides clear and essential guidance on this issue, which as the above makes clear, is necessary here.

For these reasons, Appellees respectfully request that the Court publish the decision in this case.

                                           Respectfully submitted,

                                           /s/ David Napiorski
                                           DAVID J. NAPIORSKI
                                           Assistant District Attorney
                                           Penn. Attorney ID No. 319730
                                           NANCY WINKELMAN
                                           Supervisor, Law Division
                                           PAUL GEORGE
                                           Assistant Supervisor, Law Division

LAWRENCE S. KRASNER
*District Attorney of Philadelphia*

Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107
215-686-8000

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 27(d), the foregoing motion is proportionally spaced, has a Palatino Linotype typeface of 14-points, and contains 435 words. The electronic version of this motion was scanned for viruses using McAfee Endpoint Security 10.6 and no virus, worm, trojan, spyware, hacker or other known computer problem was detected.

*/s/ David Napiorski*
David J. Napiorski

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. 25(a) and Misc. L.A.R. 113.4, undersigned counsel certifies that on May 5, 2021, this motion was served *via* the Court's electronic filing system on the following counsel for Baxter:

>Daniel Silverman, Esquire
>123 South Broad Street
>Suite 2500
>Philadelphia, PA 19109

>>*/s/ David Napiorski*
>>David J. Napiorski